THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Arthur Shane Beck, Appellant.
 
 
 

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge
Unpublished Opinion No. 2008-UP-029
Submitted January 2, 2008  Filed January
 10, 2008
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia; for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General,  Donald J. Zelenka,
 Assistant Attorney General, Melody J. Brown, of Columbia; and Solicitor Harold
 W. Gowdy, III, of Spartanburg; for Respondent.
 
 
 

PER CURIAM: In
 February 2006, Arthur Shane Beck was tried and convicted of murder.  He was
 sentenced to life in prison.  Beck timely appeals his conviction contending the
 trial court erred by refusing to give the jury a charge on self-defense.  We
 affirm.[1] 
FACTS
On July 6, 2004, Appellant Beck went to the Kangaroo Truck Stop in
 Gaffney, bought a six-pack of beer, and proceeded to the side of the
 establishment where he lay in wait for Ray VonCannon (VonCannon). As Ray
 VonCannon got off work at the truck stop and exited the building, Beck
 confronted him. 
Beardslee, a customer at the truck stop, noticed the two men
 arguing as he went into the store.  As
 Beardslee exited the store he again noticed the two men arguing and pushing.
 Beardslee continued to his automobile but turned around when he heard one man
 yell stop, quit, dont do that again, stop. Beardslee turned to see Beck stabbing VonCannon with a long
 aluminum knife. VonCannon died as a result of the stab wounds. 
Beck fled the scene but was followed by Beardslee and eventually
 apprehended close to the truck stop by the police. Beck gave a statement to the
 police in which he indicated VonCannons wife and her daughter, Becks former
 girlfriend, made him stab VonCannon.  A long aluminum knife, closed box
 cutter, and keys were found at the scene. In addition, blood samples taken from
 Becks jeans matched VonCannons DNA. 
Beck was indicted for murder. Before trial commenced, medical experts
 found Beck had a low IQ and mild mental retardation but was competent to stand
 trial.  Beck requested the trial court instruct the jury on the law of
 self-defense.  The trial court denied the request for a self-defense charge. A
 jury found Beck guilty of murder and he was sentenced to life in prison.  Beck
 now appeals. 
STANDARD OF REVIEW
On review of a jury charge, an appellate court considers the
 charge as a whole in view of the evidence and issues presented at trial. State
 v. Lee-Grigg, 374 S.C. 388, 406, 649 S.E.2d 41, 50 (Ct. App. 2007).  The
 evidence presented at trial determines the law to be charged. State v.
 Wigington, 375 S.C. 25, 30, 649 S.E.2d 185, 187 (Ct. App. 2007).  A trial
 court commits reversible error if it fails to give a requested charge on an
 issue raised by the evidence. Lee-Grigg, at 406, 649 S.E.2d at 50.  If
 there is any evidence in the record to support self-defense, the issue should
 be submitted to the jury. State v. Burkhart, 350 S.C. 252, 260, 565
 S.E.2d 298, 302 (2002).  A self-defense charge is not required unless the
 evidence supports it. State v. Bryant, 336 S.C. 340, 344, 520 S.E.2d
 319, 321 (1999).
LAW/ANALYSIS
Appellant
 Beck argues the trial court erred in refusing to instruct the jury on the law
 of self-defense.  Specifically, Beck argues mutual shoving and a closed box
 cutter found on the scene could allow the jury to conclude that after Beck
 confronted VonCannon, VonCannon pulled out a box cutter and Beck responded by
 pulling out a knife and stabbing VonCannon.  We disagree.
To establish self defense in South Carolina, there must be
 evidence: (1) appellant was without fault in bringing on the difficulty; (2)
 appellant actually believed he was in imminent danger of losing his life or
 sustaining serious bodily injury; (3) a reasonable, prudent person of ordinary
 fitness and courage would have entertained the same belief; and (4) appellant
 had no other probable means of avoiding the danger. State v. Santiago, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006); State v. Chatman,
 336 S.C. 149, 153, 519 S.E.2d 100, 102 (1999). 
Here, the record does not support a charge of self-defense for
 several reasons.  First, the evidence does not support a finding that Beck was
 without fault in bringing on the difficulty.  In a statement Beck gave to the
 police the night he was apprehended, Beck explained he agreed to stab VonCannon
 at the request of VonCannons wife and her daughter.  Armed with a long
 knife, Beck went to the truck stop where VonCannon worked, bought beer, and
 went behind dumpsters to the side of the store where he drank four beers and
 smoked cigarettes while waiting for VonCannon. As VonCannon exited the store at
 nine oclock, Beck approached VonCannon. A witness testified he saw the two men
 arguing and pushing before VonCannon yelled out as he was being stabbed by
 Beck.  One who provokes or initiates an assault cannot escape criminal
 liability by invoking self-defense. State v. Bryant, 336 S.C. 340, 345,
 520 S.E.2d 319, 322 (1999), quoting Ferdinand S. Tinio, Comment Note:
 Withdrawal, After Provocation of Conflict, As Reviving Right Of Self-Defense,
 55 A.L.R. 3d, 1000, 1003 (1974).  Becks conduct in arming himself with a knife
 and laying in wait to confront VonCannon could be reasonably understood as calculated
 to create the volatile and ultimately deadly situation.  State v.
 Cabrera-Pena, 361 S.C. 372, 383-84, 605 S.E.2d 522, 528 (2004). 
The record does not support a finding that Beck believed he was in
 imminent danger of losing his life or sustaining serious bodily injury.  Beck
 argues the jury could take the view of the case that Mr. Beck confronted Mr.
 VonCannnon, that Mr. VonCannon responded by pulling out a box cutter, and that
 Mr. Beck responded by pulling out a knife. The box cutter found at the scene
 of the stabbing was closed with the blade still inside. Although a
 witness saw Beck stab VonCannon with a long knife, there was no evidence
 VonCannon ever pulled out a box cutter or that the box cutter even belonged to
 VonCannon. 
Lastly, the record does not support a finding that Beck had no
 other means of avoiding the danger.  Beck confronted VonCannon in the parking
 lot of a truck stop. If Beck truly wanted to withdraw from the confrontation,
 he could have easily left the open parking lot. Bryant at 346, 520
 S.E.2d at 322.  
Accordingly, the trial court correctly found Beck was not entitled
 to a self-defense charge.
AFFIRMED.
HEARN, C.J.,
 KITTREDGE and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.